UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBIN RENEE MOORE, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 13-3488-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Robin Moore ("Plaintiff") appeals from the Commissioner's denial of her application for Supplemental Security Income ("SSI") benefits. The Court concludes that the Administrative Law Judge ("ALJ") erred when he concluded that Plaintiff could perform work found in the national economy. Accordingly, this Court reverses the ALJ's decision and remands for further proceedings.

**I.**

**BACKGROUND**

Plaintiff filed her application for SSI benefits on November 23, 2009, alleging disability beginning April 1, 2007. After a hearing on December 20, 2011, the ALJ concluded that Plaintiff's glaucoma, history of headaches and

myalgia, and history of depression and anxiety were severe impairments. Administrative Record ("AR") 12. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work specifically limited to "simple routine repetitive tasks." AR 15-16.

A vocational expert ("VE") testified that an individual with Plaintiff's RFC could perform the duties of food and beverage order clerk and charge account clerk. AR 45. The ALJ confirmed that the VE's testimony was "consistent with" the Labor Department's Dictionary of Occupational Titles ("DOT") setting forth the components and requirements of each job. Id. The ALJ relied on the VE's testimony to conclude that Plaintiff was capable of making a successful adjustment to other work that exists in the national economy and accordingly found that Plaintiff was not disabled. AR 18.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred when he (1) assessed the opinion of Plaintiff's treating physician and (2) determined, at step five of the sequential evaluation process, that Plaintiff was capable of performing jobs that exist in sufficient numbers in the regional and national economy. See Joint Stipulation ("JS") at 3.[1]

## III.
## DISCUSSION

**A.**     **Standard of Review and Pertinent Law**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision

---

[1] Because the Court concludes that the ALJ erred in concluding that Plaintiff was capable of performing work in the national economy at step five, the Court will not reach the first issue and will not decide whether this issue would independently warrant relief.

should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

At the fifth step of the five-step claims evaluation process, the agency bears the burden of showing that a claimant can perform work that exists in "significant numbers" in the national economy, taking into account the claimant's RFC, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 1098, 1100 (9th Cir. 1999). A vocational expert's testimony may be sufficient to carry that burden; however, the expert's opinion must reflect all limitations the ALJ includes in the RFC. Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001).

When an expert's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). Thus, if there is a conflict between the expert's opinion and the DOT parameters, the ALJ must determine that the expert has a "reasonable explanation" for this conflict. Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). Where an ALJ fails to do this, this Court cannot determine whether there is substantial evidence to support the ALJ's step-five finding and must remand for further proceedings. Id. at 1154.

**B.   Analysis**

Plaintiff contends that the ALJ erred in determining, based upon the VE's testimony, that she was capable of performing the work of a food and beverage order clerk and charge account clerk because those jobs, as described in the DOT, are incompatible with the ALJ's RFC assessment. JS at 15-22. As relevant here, the ALJ's RFC assessment determined that Plaintiff was able to

3

perform sedentary work with a limitation to "simple routine repetitive tasks." AR 16. Plaintiff contends that this limitation precludes her from work as a food and beverage order clerk and charge account clerk because those jobs require Reasoning Level 3 on the 6-level General Education Development ("GED") scale used in the DOT. JS at 16.

A job involving Level 3 reasoning means that an individual must be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT, App'x C, § III. The DOT classifies both jobs as Reasoning Level 3; the Court observes that this classification is consistent with the DOT's description of these jobs.[2]

---

[2] The DOT describes the duties of a food and beverage order clerk as follows:

> Takes food and beverage orders over telephone or intercom system and records order on ticket: Records order and time received on ticket to ensure prompt service, using time-stamping device. Suggests menu items, and substitutions for items not available, and answers questions regarding food or service. Distributes order tickets or calls out order to kitchen employees. May collect charge vouchers and cash for service and keep record of transactions.

DOT 209.567-014, 1991 WL 671794. The DOT describes the duties of a charge account clerk as follows:

> Interviews customers applying for charge accounts: Confers with customer to explain type of charge plans available. Assists customer in filling out application or completes application for customer. Reviews applications received by mail. Files credit applications after credit department approves or disapproves credit. May check references by phone or form letter and notify customer of acceptance or rejection of credit

DOT 205.367-014, 1991 WL 671715.

This case thus presents a dispute that has recurred with some frequency in this district: whether an RFC that limits a claimant to simple, routine, and repetitive tasks is inconsistent with a job that requires Reasoning Level 3 under the DOT. Although the Ninth Circuit has not addressed this issue, many judges in this district have, and it appears that all have decided it against the Commissioner. See, e.g., Siqueiros v. Colvin, No. ED CV 12-01790 AN, 2013 WL 6732885, at *2 (C.D. Cal. Dec. 19, 2013); Franklin v. Astrue, No. CV 12-258 MRW, 2013 WL 425118, at *2 (C.D. Cal. Jan. 31, 2013); Flores v. Astrue, CV 11-10714 MAN, 2013 WL 146190, at *6 (C.D. Cal. Jan. 11, 2013); Stevens v. Astrue, No. CV 10-8042 SP, 2011 WL 4055804, at *4 (C.D. Cal. Sept. 12, 2011); Clark v. Astrue, No. ED CV 09-9453 PJW, 2011 WL 1648584, at *3 (C.D. Cal. April 29, 2011); Carney v. Astrue, No. ED CV 09-1984 JEM, 2010 WL 5060488, at *4 (C.D. Cal. Dec. 6, 2010); Wright v. Astrue, No. ED CV 10-400 SS, 2010 WL 4553441, at *4-5 (C.D. Cal. Nov. 3, 2010); McGensy v. Astrue, No. ED CV 09-152 AGR, 2010 WL 1875810, at *3 (C.D. Cal. May 11, 2010); Pak v. Astrue, No. ED CV 08-714 OP, 2009 WL 2151361, at *7 (C.D. Cal. July 14, 2009).

This Court concurs with these decisions. The Court has reviewed the DOT descriptions of the responsibilities of a food and beverage order clerk and a charge account clerk; the Court is unable to reconcile how a person limited to simple, repetitive, and routine work would be able to perform them.[3]

---

[3] Nor is this Court persuaded by the out-of-circuit precedent cited by Commissioner, Terry v. Astrue, 580 F.3d 471 (7th Cir. 2009) and Renfrow v. Astrue, 496 F.3d 918 (8th Cir. 2007). In each of those cases, the claimant's limitations were not as significant as a limitation to simple, routine, repetitive tasks. See Terry, 580 F.3d at 478 (dealing with claimant limited to "simple" work); Renfrow, 496 F.3d at 921 (dealing with claimant with an inability to "complex technical work").

To the extent the VE had a basis for concluding that Plaintiff could perform these jobs notwithstanding the DOT classifications, the VE was required to express those reasons for the ALJ to consider. Massachi, 486 F.3d at 1153-54. But the VE's only statement was to confirm that his testimony was "consistent with" the DOT. AR 45. The VE offered no explanation for his conclusion that a person with Plaintiff's limitation to simple, routine, repetitive tasks could perform the jobs of order clerk and charge account clerk, both of which are Reasoning Level 3 jobs under the DOT listings. Moreover, the VE did not provide an evidentiary basis for the ALJ to justify a divergence from the DOT listing in this particular case. See AR 44-46. The disparity between the DOT listing and the VE's testimony required a "reasonable explanation" from the VE in order for the ALJ to properly rely on the testimony. Where no such explanation has been given, the Court must remand to the agency for further proceedings. See Massachi, 486 F.3d at 1154.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: February 24, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge